FAIRMOUNT INVESTMENT CORPORATION, PROSECUTOR, v. STATE BOARD OF TAX APPEALS ET AL., DEFENDANTS.

Submitted October 4, 1938—Decided February 3, 1939.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *Louis J. Greenberg.*

For the defendants, *James A. Hamill* and *Frank P. McCarthy.*

PER CURIAM.

This is an application for *certiorari* to review a determination of the State Board of Tax Appeals setting aside a finding of the Hudson County Board of Taxation and reinstating an assessment made by the local assessors of Jersey City. The sole ground of attack is failure of proper service of the petition of appeal from the judgment of the county board.

The admitted facts appear to be that service within time was made at the home of the secretary of the prosecutor corporation by delivery of the petition to his daughter, who is said to be a minor; that the petition was in fact delivered to the secretary by the said daughter; that a time for hearing was fixed of which notice was given the prosecutor; that, the matter not being reached on the day fixed, an adjourned day was fixed and notice given; that prosecutor appeared specially by its attorney on said day and moved to dismiss the appeal because of failure of proper service of the petition of appeal; that this motion was subsequently denied and a new day fixed whereon the prosecutor's attorney again appeared specially, renewed the motion to dismiss and then refused to participate in the hearing on the merits.

We are of the opinion that the service was adequate. It is undenied that the petition of appeal actually came into the hands of the secretary of prosecutor, an officer upon whom such service can be made. In similar proceedings it has been held that the service is good where the person to be served actually receives the papers to be served and that "if the facts stated justify a reasonable inference that the notice actually came to his hands, in the absence of counter proof, that

inference should be drawn." *Wilson* v. *Trenton,* 53 *N. J. L.* 645. See, also, *Ruhle* v. *Caffrey,* 115 *Id.* 517. Here it is not necessary to rely upon inference. It is admitted that the secretary received the petition from his daughter. This, we think, is sufficient in a proceeding of this kind.

The application is denied, with costs.